GREELEY WESTBROOK V. STATE.

No. 24471. November 9, 1949.

*Herbert C. Martin,* of Littlefield, for appellant.

*Robert Kirk,* County Attorney, Littlefield, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted upon a complaint charging the possession of unstamped liquor.

While the jury selected to try appellant was in the court room, and while appellant's attorney was temporarily out of the room, the officers of the court brought in a large box con-

taining liquor and placed it on a table in the view of the jury. They also placed on top of this box the five half-pints of liquor taken from the residence of the appellant. When appellant's attorney returned to the room and found the box containing the liquor he objected to its presence on various grounds, and in response to that objection the court, very properly, had it removed from the room. There is no further evidence in the case regarding that liquor.

Bill of Exceptions No. 1 complains of this conduct of the officers and presents to us a question which might, under some circumstances, be considered as very serious. It transpires, however, that in his closing argument to the jury the prosecuting attorney used the following language, as quoted from Bills of Exception Numbers 6 and 7: "Gentlemen of the Jury, I am going to ask you not to give this defendant just a fine but give him a good long stiff jail sentence, because if you fine him he won't mind that a bit, but will just go out and sell some more whiskey and get the money back off of other people, but, if you give him a good long, stiff jail term, he will have to serve it so give him a good long, stiff jail sentence." Timely objection was made to the argument and the court was asked to instruct the jury not to consider it. Objection was overruled and the complaint comes to this court in Bills of Exception Numbers 6 and 7.

The court certifies that there was no evidence introduced in the case that the defendant sold whisky, that he had ever sold whisky, or that he would sell whisky. There is no evidence whatsoever that, if defendant were fined, he would go out and sell more whisky and get the money back off of other people. Further, there is no evidence that he would not mind a fine as punishment. He further certified that the argument was not supported by or based upon any evidence introduced in the case and no argument that would warrant such conclusion. The argument was not made in answer to any argument by the attorney for defendant and was not provoked or invited by any argument or conduct of the defendant or his attorney.

Under the certificate of the bill, which was signed by the court without qualification, this argument can well be construed in connection with the Bill of Exceptions No. 1 complaining of the placing on a table, in the presence of the jury, of a large quantity of liquor. The jury's unusual verdict, assessing a fine of only $100.00 and imposing nine months in jail, could well have been in response to the appeal made by the county attorney.

The argument was calculated to be harmful and we find no justification for making it.

Other questions raised in the case will probably not arise on another trial and are, therefore, passed without discussion.

For the error in the argument, the judgment of the trial court is reversed and the cause is remanded.